**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RONALD MIZELL**                                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:08-cv-506 HTW-LRA**

**LIFE INSURANCE COMPANY
OF NORTH AMERICA**                                                      **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

Before the court is a motion for summary judgment [docket no. 13] brought by

defendant Life Insurance Company of North America.  By its motion, defendant Life

Insurance Company of North America contends that pursuant to the undisputed

material facts and applicable law it is entitled to a grant of summary judgment.  Plaintiff,

Ronald Mizell, opposes the motion.  The issue, abbreviated to its essence, is whether

defendant Life Insurance Company of North America's denial of Mizell's claim for

disability benefits was reasonable.  This court, having determined LINA's denial was

reasonable, grants summary judgment for the reasons herein.

**I. Background**

Mizell was employed by BP Corporation of America until July 14, 2006. By virtue

of his employment with BP, Ronald Mizell obtained a long-term disability insurance

policy (the Plan) insured by Life Insurance Company of North America (LINA).  Mizell

claims that while the policy was in effect, he became permanently and totally disabled

because of a back condition, and he filed for long-term disability benefits. On or around

February 1, 2007, LINA denied his claim.  Mizell appealed the denial three times – on

or around February 19, May 18 and August 1, 2007.  In response to each appeal, LINA sent Mizell a letter – on February 28, June 27, and August 30, 2007 – notifying him that the denial was affirmed.  Each letter included a summary of the pertinent parts of the Plan, portions of the medical records considered, an explanation of the denial, and an explanation of Mizell's remaining rights, if any.

On July 15, 2008, Mizell filed a complaint in the Circuit Court of Pike County, Mississippi, against LINA, seeking to recover $72,500.00 in damages which he allegedly sustained as a result of the wrongful denial of his long-term disability insurance claim by LINA.  This complaint [docket no. 1-2] alleged the following:

> 3. In consideration of the payment of a required premium, the Defendant [LINA] issued and delivered to Plaintiff its policy of disability insurance.

> 4. The Plaintiff became permanently and totally disabled because of a back condition, at a time when the policy was in full effect and on which all premiums had been paid.

> 5. The Plaintiff has performed all the conditions of the policy of his part to be performed. The Plaintiff has demanded payment of long-term disability benefits, which have been wrongfully denied by the Defendant. The Plaintiff is unable to perform all the material duties of any occupation for which he is qualified based on his education, training and experience. The Plaintiff is under the appropriate care of a physician, and has met all terms and conditions of the policy.

On August 13, 2008, LINA filed a notice of removal, claiming this court has federal question jurisdiction under Title 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Defendant opined that Mizell's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), Title 29 U.S.C. § 1001 *et seq*., because the insurance at issue constitutes an

"employee welfare benefit plan." Title 29 U.S.C. § 1002(1).[1] Under Section 1441(b), such actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable. This court, in agreement, has determined that it has jurisdiction of this matter.

## II. Discussion

**A. Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides the standard for summary judgment. The rule, in pertinent part, reads:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The jurisprudence relative to this juridical pronouncement is well-settled. To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265

---

[1]Title 29 U.S.C. § 1002(1) states:

The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

(1986).  The movant need not produce evidence showing the absence of a genuine issue of material fact with respect to an issue on which the nonmovant bears the burden of proof.  *See Celotex Corporation*, 477 U.S. at 325; rather, the movant need only show that the party who bears the burden of proof has adduced no evidence to support an element essential to its case.  *Id.*  Once the movant has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). The court must review the evidence in the light most favorable to the nonmovant. *Newell v. Oxford Management Inc.*, 912 F.2d 793, 795 (5th Cir. 1990).

**B. Arguments**

LINA relies upon two arguments for a grant of summary judgment: (1) that Mizell failed to provide LINA with sufficient clinical evidence to support his claim that he was disabled as required under the terms of his long-term disability insurance policy (the Plan);  and (2) that LINA's administrative record shows that its determination to deny Mizell's claim was rational and not arbitrary and capricious.

Mizell makes four counter arguments. First, he argues that LINA attempts to support its motion for summary judgment with the administrative record for this claim, which consists of unsworn, unauthenticated, hearsay documents that are not proper summary judgment evidence. Secondly, he contends that even if this court accepts the evidence submitted by LINA as proper, the evidence in the record does not establish a conclusion that Mizell was capable of returning to gainful employment when LINA denied his application for benefits. Thirdly, Mizell asserts that the record demonstrates

that the Plan Administrator failed to abide by the terms of the policy which require the Plan Administrator to consult with the employee's physician. Mizell's final argument is that the court should consider evidence in addition to the administrative record in reviewing the benefits denial.

This court will immediately address three of Mizell's four arguments. With regard to Mizell's first argument, that the administrative record is improper summary judgment evidence, this court finds no merit in that proposition.  The Federal Rules of Evidence do not apply to an ERISA administrator's benefits determination; thus, the entire administrative record, including hearsay evidence relied upon by the administrator, are proper for review. *See Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F.3d 615, 622 n.4 (7th Cir. 2008).[2]

Mizell also contends that the Plan Administrator did not comply with the policy, which Mizell says requires that the Plan Administrator to consult with the employee's physician. LINA replies that Mizell misinterprets the Plan and LINA's duties thereunder. The portion of the Plan on which Mizell relies is in the definition section and states in pertinent part:

**Optimum Ability**
1        for the first 24 months that benefits are payable, the greatest extent of work you are able to do in your Regular Occupation;

_____

[2]In *Speciale*, the court explained:

Speciale argues that Dr. Winny's statement to Dr. Blonsky is inadmissible hearsay and should be disregarded. However, [the court's] task is only to review the reasonableness of the denial. A plan administrator is not a court of law and is not bound by the rules of evidence. [The court's] review may thus consider even testimonial statements made outside of court if the MRC did so in rendering its decision.

538 F.3d at 622 n.4 (internal citation omitted).

2.      after 24 months, the greatest extent of work you are able to do in
        any occupation based on education, training or experience.

Your ability to work is based on the following:
1.      medical evidence you submitted;
2.      *consultation with your Physician;*
3.      evaluation of your ability to work by not more than three
        independent experts if required by us; and
4.      an offer of employment that meets your capacity to do the work is
        made by an employer (sic).

[docket no. 13-5, p. 33] (emphasis added). Determining "optimum ability" involves a

consultation with the employee's physician. The determination of an employee's

"optimum ability," however, is only relevant for the purpose of calculating the "work

incentive benefit." The "work incentive benefit" is only relevant and applicable to those

for whom a disability benefit is payable. The "Work Incentive Benefit" section provides

in pertinent part:

**Work Incentive Benefit Calculation**
You may work for wage or profit while Disabled. In any month in which
you work and a Disability Benefit is payable, the Work Incentive Benefit
Calculation applies. It is determined as follows:

1.      For each month during the first 24 months that Disability Benefits
        are payable, the amount of the Work Incentive Benefit equals (a)
        minus (b).
        (a)     equals (i) minus (ii), but not more than the Gross Disability
                Benefit shown in the Schedule of Benefits.
                (i)     is 100% of Indexed Covered Earnings.
                (ii)    is the sum of Other Income Benefits,
                        including Disability Earnings.
        (b)     equals the Calculation for *Optimum Ability.*

The Calculation for *Optimum Ability* is the earnings you could earn if
working at *Optimum Ability*, minus Disability Earnings.

2.      After those first 24 months, the amount of benefit to be paid equals
        (c) minus (d).
        (c)     equals the Gross Disability Benefit minus the sum of 50% of
                Disability Earnings and 100% of the remaining Other Income
                Beenfits.

6

(d)     equals the Calculation for *Optimum Ability*.

[docket no. 13-5] (emphasis added). The portion of the Plan upon which Mizell relies to establish deviation from the Plan by LINA is inapplicable. Thus, this argument, too, fails.

As for Mizell's final argument, he does not provide or specify any evidence outside the administrative record LINA submitted that this court should consider as "additional evidence." Accordingly, this court need not address this argument.

The remaining argument – that the evidence submitted does not support a conclusion that Mizell was able to engage in gainful employment at the time of the denial – relates specifically to the benefits determination at issue and will be addressed within the review of that determination.

## C. Benefits Determination Standard

Title 29 U.S.C. § 1132(a)(1)(B) states:

(a) A civil action may be brought--
   (1) by a participant or beneficiary--
. . .
       (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

Benefits denial is reviewed only for abuse of discretion. *O'Rear v. Paul Revere Life Ins. Co.*, 241 Fed. Appx. 175, 176 (5th Cir. 2007) (citing *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999) ("Deciding the medical progress of a patient through analysis of medical reports and records is similar to the factual determinations we have reviewed for abuse of discretion in other ERISA cases."); *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 597-99 (5th Cir. 1994)).  Such review is limited to the administrative record, and seeks to determine "only whether the 'record adequately supports the administrator's decision.'" *O'Rear*,

7

241 Fed. Appx. at 176 (quoting *Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 333 (5th Cir. 2001)). An administrator abuses its discretion if it denies a claim "[w]ithout some concrete evidence in the administrative record."  *O'Rear*, 241 Fed. Appx. at 176 (quoting *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 302 (5th Cir. 1999) (en banc)).  So, in summary, this court's review "need only assure that the administrator's decision falls somewhere on a continuum of reasonableness - even if on the low end." *O'Rear*, 241 Fed. Appx. at 176 (quoting *Vega*, 188 F.3d 297).

**D. Analysis**

The Plan *sub judice* states, in pertinent part, that a covered person is considered disabled if "solely because of your injury or sickness, you are . . . unable to perform all the material duties of your own job." (Plan, docket no. 13-5, p.32).  Defendant attests that it reviewed all documents provided by plaintiff, including those of plaintiff's treating physician.  Defendant has submitted this administrative record in support of its motion for summary judgment.

The following facts are taken from that administrative record. The alleged date of injury was April 30, 2006 [docket no.13-8, p.14].  Dr. J. Patrick Barrett, an orthopedic spinal surgeon from whom plaintiff sought treatment [docket no. 13-8, p.29], stated in his initial evaluation on August 3, 2006, that Mizell's gait, range of motion of the lumbar spine, and reflexes were normal [docket no. 13-8, p.11].  Dr. Barrett recommended that Mizell take anti-inflammatory medication and stated that "[i]f the anti-inflammatory medications help, I certainly see no reason to restrict him from going back offshore and continuing his normal job [docket no. 13-8, p.12]."

8

On December 11, 2006, Dr. Barrett opined, after plaintiff had made an office visit, that it would be "unlikely that [plaintiff] would be able to get back to strenuous type work" that he was doing prior to his injury, such as carrying a 50 to 60 pound pump up and down a rig. The doctor further mentioned that in order to gain relief, plaintiff's first goal should be to lose weight, approximately 30 pounds. On December 19, 2006, Dr. Barrett stated in his evaluation records that plaintiff could return to work at that time if he lifted no more than fifty pounds and was required only occasionally to bend and stoop.

LINA denied plaintiff's claim on February 1, 2007. The Plan provides an appeals procedure. It requires that the claimant or his representative "make a written request for appeal to the Insurance Company within 60 days (180 days in the case of any claim for disability benefits) from the date you receive the denial." LINA stated in a denial letter to plaintiff the following.

> Once your request has been received by the Insurance Company, a prompt and complete review of your claim must take place. This review will give no deference to the original claim decision, and will not be made by the person who made the initial claim decision. During the review, you (or your duly authorized representative) have the right to review any documents that have a bearing on the claim, including the documents which establish and control the Plan. Any medical or vocational experts consulted by the Insurance Company will be identified. You may also submit issues and comments that you feel might affect the outcome of the review.

> The Insurance Company has 60 days from the date it receives your request to review your claim and notify you of its decision (45 days, in the case of any claim for disability benefits). Under special circumstances, the Insurance Company may require more time to review your claim. If this should happen, the Insurance Company must notify you, in writing, that its review period has been extended for an additional 60 days (45 days in the case of any claim for disability benefits). Once its review is complete, the Insurance Company must notify you, in writing, of the results of the review and indicate the Plan provisions upon which it based its decision.

On appeal, Mizell submitted additional information, including a medical request form completed by Dr. Lucius Lampton [docket no. 13-8, p.19].  Lampton, Mizell's general physician who had referred Mizell to Dr. Barrett, listed, as requested in the form, the specific restrictions he had placed on Mizell.  The restrictions were as follows: no climbing stairs, no lifting, pulling, tugging or use of back."  Also, in response to the question: "could your patient return to work at this time if accommodations were made for the listed restrictions," Dr. Lampton responded "no" and explained that "[Mizell] cannot perform his duties as a mechanic."  Dr. Lampton further stated that it was "unclear" when plaintiff could return to work, with or without restrictions.  Mizell's job description requires frequent – between 2.5 and 5.5 hours per day – lifting of 10-20 pounds and occasional — less than 2.5 hours per day – lifting of 21-100 pounds.  Dr. Lampton indicated on the insurance physical ability assessment form that Mizell occasionally was able to lift 10-100+ pounds [docket no. 13-8, p.20].

LINA argues that it considered Mizell's initial submissions as well as his supplemental submissions during the appeal process. LINA states that the record warrants summary judgment for two reasons.  First, the findings of Dr. Barrett, plaintiff's orthopedic surgeon, are that Mizell could return to work.  Secondly, the restrictions and limitations given lack medical support, such as test results or notes indicating problems with therapy, range of motion, strength, or gait.  LINA explained in its final decision letter to Mizell during the appeals process that:

> We do not dispute you may have been somewhat limited or restricted due to your subsequent diagnosis and treatment; however, an explanation of your functionality and how your functional capacity has prevented you from continuously performing the material duties of your job. . . was not clinically supported.

[docket no. 13-7, p.31].

Plaintiff's final argument – that the record is insufficient to support LINA's decision – fails. The question for the Plan Administrator was whether Mizell was unable to perform all the material duties of his own job. The issue before this court is whether, according to the record, the Plan Administrator answered that question reasonably. The plaintiff has been given an opportunity, through both briefing and in a hearing, to contest the record. After reviewing the record and considering the arguments presented, this court is persuaded that LINA's decision to decline benefits was reasonable and supported. Therefore, summary judgment is appropriate.

### III. Conclusion

For the foregoing reasons, the court grants defendant's motion for summary judgment [docket no. 13].  The court hereby dismisses this lawsuit with prejudice.  The court will enter a final judgment in accordance with the local rules.

**SO ORDERED this the 20th day of July, 2011.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:08-cv-506 HTW-LRA
Memorandum Opinion and Order